**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Criminal Action No. 6:11-cr-02302-JMC-1 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| John Cannon, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

  This matter is before the court on Defendant John Cannon's ("Cannon") Motion to Dismiss Indictment Based Upon Prosecutorial Misconduct [Dkt. No. 268]. For the following reasons, the court denies Cannon's motion.

  Cannon was indicted on November 15, 2011, by a Federal Grand Jury on one count of conspiracy to possess with the intent to distribute in excess of five (5) kilograms of cocaine and one count of participating in a conspiracy to launder the proceeds of drug sales. In this instant motion, Cannon asserts that he is entitled to the dismissal of the indictment against him based on his assertion of prosecutorial misconduct by the government in allegedly failing to timely notify the court about a conflict of interest and improperly utilizing information in grand jury proceedings to secure the indictment. Specifically, Cannon contends that the government allowed, without providing appropriate notice to the court, an attorney to represent an informant in providing information to the Government that it intended to use against Cannon while the Government was aware that Cannon was also represented by the same attorney. Additionally, Cannon asserts that the Government used the information it gathered from the informant directly against Cannon in securing

warrants and the indictment in violation of the Government's agreement with the informant not to use such information directly against Cannon - an agreement to which Cannon claimed to be a third-party beneficiary. Cannon further contends that the Government's use of this information before the grand jury in violation of its agreement with the informant violates Cannon's constitutional rights, and that such conduct was prejudicial warranting dismissal of the indictment.

## DISCUSSION

The court may exercise its supervisory authority to dismiss a grand jury indictment based upon prosecutorial misconduct where the misconduct "amounts to a violation of one of those few, clear rules which were carefully drafted and approved by [the United States Supreme Court] and by Congress to ensure the integrity of the grand jury's functions." *United States v. Williams*, 504 U.S. 36, 46 ( 1992) (internal citations and quotation marks omitted). Such clear rules include, *inter alia*, behavioral standards for prosecutors regarding procedures for granting witness immunity, criminalization of subornation of perjury, and the use of unlawful intercepted communications. *See id.* at n.6 (citing 18 U.S.C. §§ 6002, 6003, 1622, 2515 and describing other Federal Rules of Civil Procedure and statutes set forth in the United States Code governing grand jury activities and the boundaries of prosecutorial conduct related thereto). Indeed, the court should approach any request to dismiss an indictment with caution and with a balanced view of the many interests involved. *See United States v. Payner*, 447 U.S. 727, 737 (1980).

"[A]n indictment valid on its face is not subject to . . . challenge" simply based on "the [level of] reliability or competence of the evidence presented to the grand jury." *Bank of Nova Scotia*, 487 U.S. at 261(citing *United States v. Calandra*, 414 U.S. 338, 344-345 (1974)); *see also Costello v. United States*, 350 U.S. 359, 363-64 (1956) (holding that "[i]f indictments were to be held open to

2

challenge on the ground that there was inadequate or incompetent evidence before the grand jury,

. . . a defendant could always insist on a kind of preliminary trial to determine the competency and

adequacy of the evidence before the grand jury. This is not required by the Fifth Amendment.").

> [T]he grand jury has long been empowered to consider a wide range of information from a variety of sources, whether or not it would be admissible at trial.  As the Supreme Court has stated, "neither the Fifth Amendment nor any other constitutional provision prescribes the kind of evidence upon which grand juries must act." *Costello,* 350 U.S. at 362.  The reason for this rule is the grand jury's function, not in ascertaining guilt, but in determining whether a crime may have occurred. *Calandra*, 414 U.S. at 344.  Virtually any source that may be helpful to the investigation can be considered.  For example, the Court in *United States v. Calandra* noted that "tips, rumors, evidence proffered by the prosecutor, or the personal knowledge of the grand jurors" may trigger a grand jury investigation. *Id.* at 344.

*In re Grand Jury Subpoena (T-112)*, 597 F.3d 189, 196 (4th Cir. 2010).  Indeed, many courts have

found that it is wholly insufficient to dismiss an indictment based on conduct such as the

prosecutor's failure to present substantial exculpatory material or evidence otherwise favorable to

the defendant before the grand jury.  *See e.g., id.* at 50; *see also United States v. McDonald*, 61 F.3d

248, 253 (4th Cir. 1995), *overruled on other grounds by United States v. Wilson,*  205 F.3d 720 (4th

Cir. 2000).

In addition to demonstrating that the alleged misconduct constitutes an actionable violation

before the grand jury, a defendant seeking the dismissal must demonstrate that the prosecutorial

error in the grand jury proceedings prejudiced the defendant.  *Bank of Nova Scotia v. United States*,

487 U.S. 250, 254 (1988). "[D]ismissal of the indictment is appropriate only if it is established that

the violation substantially influenced the grand jury's decision to indict, or if there is grave doubt

that the decision to indict was free from the substantial influence of such violations."  *Id*. at 256.

"Only a defect so fundamental that it causes the grand jury no longer to be a grand jury, or the indictment no longer to be an indictment, gives rise to the constitutional right not to be tried." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 802 (1989).

First, the court reiterates its prior findings concerning Cannon's failure to establish any prosecutorial misconduct as to his case.  In its Order and Opinion ("Evidence Suppression Order") [Dkt. No. 270] denying Defendant John Cannon's Motion to Suppress Tangible and Derivative Evidence [Dkt. No. 145] and Supplemental Motion to Suppress Tangible and Derivative Evidence [Dkt. No. 248], this court addressed each of Cannon's arguments regarding prosecutorial misconduct in great detail.  *See* Evidence Suppression Order, pp. 10- 20.  The court found that the Government did not commit any misconduct as to Cannon in failing to notify the court of the potential conflict of interest in the alleged simultaneous representation by counsel of the informant and Cannon.  The court further held that Cannon failed to establish any rights as a third-party beneficiary in the agreements between the informant and the Government concerning the use of any information provided to the Government by the informant.  Finally, the court noted that the record before the court only contained undisputed evidence of the informant's breach of the agreement, which the Government contended to be sufficient to allow it to use the informant's information in any manner permissible under the law.  Cannon advances the same arguments of prosecutorial misconduct in the motion presently before the court without any additional or different supporting evidentiary or legal support.  Accordingly, the court adopts and incorporates the findings and conclusions on the issue of prosecutorial misconduct as provided in its Evidence Suppression Order herein without a recitation.

4

Next, assuming *arguendo* that the Government committed any prosecutorial misconduct, Cannon has not explained how such misconduct constitutes a violation of the limited rules established by the court and Congress to maintain the independent functionality and integrity of the grand jury process. *See Williams*, 504 U.S. at 47-50 (explaining the historical significance of grand jury proceedings and the importance of its operation independent of strict judicial oversight). Cannon does not allege that the Government violated any of the Federal Rules of Criminal Procedure or statutes specifically proscribing prosecutorial conduct before the grand jury. Cannon does not allege that the Government intentionally submitted false information to the grand jury, suborned perjury, or otherwise committed any other violation that falls within the narrow parameters under which courts are allowed to exercise their supervisory power to dismiss an indictment. Rather, Cannon complains to the court that the Government procured its indictment based on information from an informant that Cannon challenges on grounds of adequacy, reliability, admissibility, and competence. It is well-established that the validity of an indictment is not dependant upon the admissibility at trial of the evidence presented to the grand jury. *See Calandra*, 414 U.S. at 349 (noting that the grand jury's function is not to adjudicate guilt or innocence, but rather to serve in the capacity of an investigative or accusatory body unencumbered by evidentiary and procedural rules imposed in trials). Accordingly, the court finds Cannon's motion also fails because he cannot establish that any misconduct amounted to a violation of any rule affecting the integrity of the grand jury proceedings which would warrant dismissal of an indictment. *See United States v. Derrick*, 163 F.3d 799 (4th Cir. 1998) ("The dismissal of an indictment altogether clearly thwarts the public's interest in the enforcement of its criminal laws . . . .").

5

Finally, the court finds that Cannon fails to establish the requisite prejudice resulting from the Government's use of the informant's information during the grand jury proceedings. Cannon must demonstrate that the Government's use of the information "substantially influenced the grand jury's decision to indict," or that "there is grave doubt that the decision to indict was free from the substantial influence." *Bank of Nova Scotia*, 487 U.S. at 256. Here, Cannon has done little more than concluded that because the information was presented to the grand jury, the court should presume he was prejudiced. In support of his argument, Cannon provides the court with three pages of the grand jury transcript in which a witness appears to recite information related to the informant. However, it is apparent from the introductory and closing lines of those same pages that the witness presented other testimony concerning the investigation into Cannon's alleged criminal activities and that the grand jury had other evidence before it on which it could have based its indictment.[1]

Additionally, the court is not convinced that the brief mentioning of the informant's information in less than three pages of testimony "substantially influenced" the grand jury's decision to indict Cannon. Cannon simply cannot demonstrate that he has been prejudiced by the Government's use of the informant's information before the grand jury; particularly where Cannon has failed to show that the use was improper. *See c.f., United States v. Brewer*, 1 F.3d 1430, 1433 (4th Cir. 1993) (declining to dismiss grand jury indictment because of officer's mistaken testimony); *United States*

---

[1]The court observes that the information in the few pages of the grand jury transcript provided by Cannon includes recitations of investigatory information bearing a striking resemblance to the information recited in the affidavit submitted by the same witness in support of the warrants issued in this case. *See Colonial Penn. Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (acknowledging the court's authority to take judicial notice of its own records). While Cannon only provided the court with a small portion of the grand jury transcript, it is reasonable to conclude that the witness's testimony before the grand jury was consistent with the statements provided in his affidavit.

*v. Mills*, 995 F.2d 480, 487 (4th Cir.1993) ( "courts lack authority to review either the competency or sufficiency of evidence which forms the basis of an indictment.").  Therefore, Cannon's motion fails to meet the prejudice prong of the inquiry as well.

**CONCLUSION**

Having considered the memoranda filed by the parties and the record currently before the court, the court **DENIES** Defendant John Cannon's  Motion to Dismiss Indictment Based Upon Prosecutorial Misconduct [Dkt. No. 268].

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

November 28, 2012
Greenville, South Carolina