IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Criminal Action No. 6:11-cr-02302-JMC |
| Plaintiff, | ) | Criminal Action No. 6:12-cr-00861-JMC |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| John Cannon, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant John Cannon's ("Cannon") Response to Government's Motion to Consolidate and Reconsideration of Court Order Granting Consolidation and Continuing Trial [Dkt No. 290][1] and the United States of America's (the "Government") Joint Motion for Enforcement of Order of Continuance [Dkt. No. 296]. For the following reasons, the court denies Cannon's motion and grants the Government's motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

Cannon and co-defendant Kasondra Cannon were jointly indicted in the present action on November 15, 2011, by a Federal Grand Jury on one count of conspiracy to possess with the intent to distribute in excess of five (5) kilograms of cocaine and one count of participating in a conspiracy to launder the proceeds of drug sales. On November 13, 2012, in criminal action number 6:12-cr-00861-JMC, Cannon and Kasondra Cannon were jointly charged in a multiple count

---

[1]The parties have filed duplicative documents under each case number were appropriate. However, for convenience, the docket numbers referenced in this order refer only to the docket numbers in criminal action number 6:11-cr-02302-JMC.

1

indictment for conspiring to possess firearms in furtherance of a drug trafficking crime and actually possessing firearms in furtherance of a drug trafficking crime.

The Government filed a Motion to Consolidate [Dkt. No. 276] the indictments on November 14, 2012, pursuant to Federal Rule of Criminal Procedure 13 arguing that  the charges contained in both of the indictments were based on conduct involving "the same act or transaction, or in the same series of acts or transactions."  The Government further argued that consolidation of the indictments for trial did not warrant a continuance of jury selection and trial in accordance with 18 U.S.C. § 3161 (the "Speedy Trial Act") despite the fact that each were scheduled to begin in less than thirty (30) days from the date on the second indictment and the fact that the Cannons had not yet made an appearance on the second indictment.  In its motion, the Government acknowledged that neither defendant consented to the Government's motion.

On November 19, 2012, the court issued a text order [Dkt. No. 283] granting in part and denying in part the Government's motion [Dkt. No. 276].  The court found that Federal Rules of Criminal Procedure 8 and 13 allowed consolidation.  However, the court further found that a continuance was appropriate to meet the "ends of justice," *see* 18 U.S.C. § 3161(h)(7), given that the addition of the firearms charges might have significant effect on the defense of the case.  Thereafter, Defendant Cannon requested the court to reconsider its ruling to consolidate the indictments and continue the trial previously scheduled for criminal action number 6:11-cr-02302-JMC.  *See* [Dkt. No. 290].  Defendant Kasondra Cannon filed a Response to the Government's Motion to Consolidate Cases [Dkt. No. 294] indicating that she did not object to a continuance to allow adequate time for the preparation of her defense on the firearms charges.  However, she did not concede that the court appropriately consolidated the indictments.  The Government filed a Joint Motion for Enforcement

of Order of Continuance [Dkt No. 296] in which it requests the court confirm its prior ruling on the

grounds that the indictments were properly consolidated and that reinstating the trial at this late date

would be prejudicial to the Government.

## DISCUSSION

### Consolidation

Rule 13 of the Federal Rules of Criminal Procedure provides that a court "may order that

separate cases be tried together as though brought in a single indictment or information if all offenses

and all defendants could have been joined in a single indictment or information." To determine

whether the standard in Rule 13 is met, the court must consider Rule 8 of the Federal Rules of

Criminal Procedure. Rule 8 allows for the joinder of offenses when "the offenses are of the same or

similar character or are based on the same act or transaction or on two or more acts or transactions

connected together or constituting parts of a common scheme or plan." Fed. R. Crim. P. 8(a).

Defendants may be joined in the same indictment if they "are alleged to have participated... in the

same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. 8(b).

"Although 'series of acts or transactions' is not defined in the Rule, such phrase logically includes

those transactions so interconnected in time, place and manner as to constitute a common scheme

or plan." *United States v. Santoni*, 585 F.2d 667, 673 (4th Cir. 1978); *see also United States v.*

*Lawson*, 677 F.3d 629, 638-39 (4th Cir. 2012) (affirming the district court's consolidation of multiple

indictments against multiple defendants in a single trial because "the indictments... allege that they

were all involved in the same acts and transactions"). The trial court is permitted to exercise

discretion in determining whether trial consolidation is appropriate. *See Lawson*, 677 F.3d at 638-39.

However, "the court should not grant a motion to join if unfair prejudice results to the defendant."

3

*United States v. Peoples*, 748 F.2d 934, 936 (4th Cir. 1984) (citing *United States v. Jamar*, 561 F.2d 1103, 1106 (4th Cir. 1977)).  "Unfair prejudice does not result if evidence admissible to prove each charge is also admissible to prove the other charge."  *Id*.

Cannon argues that the consolidation on the indictments will be prejudicial to him because anticipated evidence about firearms may now be introduced in the consolidated trial which may have otherwise been excluded had the trial proceeded on the initial indictment alone.[2]  However, it is well established that evidence of firearms may be relevant in drug conspiracy cases.  *See United States v. Ricks*, 882 F.2d 885, 892 (4th Cir. 1989) (approving the district court's admission of firearms evidence as relevant to defendant's intent, preparation, plan, and knowledge to distribute narcotics under Fed. R. Evid. 404); *see also United States v. Burgos*, 94 F.3d 849, 858-59 (4th Cir. 1996) (discussing various methods for proving drug conspiracies including demonstrating evidence "such as supplying firearms or purchasing money orders for coconspirators or permitting them to store narcotics and other contraband in one's home") (citing *United States v. Collazo*, 732 F.2d 1200, 1206 (4th Cir. 1984)).    Additionally, such evidence may have also been admissible to establish the "context of the crime" or facilitate a "full presentation" of the Government's case. *United States v. Masters*, 622 F.2d 83, 85 (4th Cir. 1980) (explaining the use of Rule 404(b)); *see also United States v. Dunford*, 148 F.3d 385, 395-69 (4th Cir. 1998) (acknowledging the court's proper admission of evidence recovered during a search that was relevant both to the event narrative and to the crime). In these cases, evidence of the firearms may have been admissible in the trial of the initial indictment

---

[2]Although Cannon argued that the Government's delay in filing the new indictment was prejudicial, he conceded at the hearing that the delay in bringing the new indictment was not a sufficient basis to deny consolidation.

for a myriad of reasons upon proper submission by the Government.  Therefore, the court finds

Cannon's argument to be without merit.

Cannon also alleges that the new indictment was an act of vindictive prosecution suggesting

that the Government could have previously charged the Cannons with the firearms indictment, but

chose to do so at this late date only in retaliation for Kasondra Cannon's decision to testify at the

October hearing.  "To establish prosecutorial vindictiveness, a defendant must show, through

objective evidence, that (1) the prosecutor acted with genuine animus toward the defendant and (2)

the defendant would not have been prosecuted but for that animus."  *United States v. Wilson*, 262

F.3d 305, 315 (4th Cir. 2001).  The standard is a rigorous one, "[b]ecause of the broad discretion

given prosecutors and the wide range of factors that may properly be considered in making pretrial

prosecutorial decisions . . . . An initial decision should not freeze future conduct."  *Id*. at 315.  Here,

Cannon has made nothing more than conclusory assertions of prosecutorial vindictiveness.  He has

not presented the court with any evidence, much less objective evidence, that the prosecutor acted

with animus. He simply relies on his subjective beliefs that the prosecutor filed the most recent

indictments with malevolence.  Additionally, the Government contended that Kasondra Cannon's

testimony at the October hearing actually strengthened the Government's case against the Defendants

on the new indictment, which was what ultimately motivated the Government to file the additional

charges.  Cannon has not articulated any sufficient reason why the court should not accept the

Government's representation as to its rationale for seeking the new indictment based on the

testimony given by Kasondra Cannon at the October hearing.  Therefore, the court finds Cannon's

conclusory assertions of prosecutorial vindictiveness a wholly insufficient basis to reconsider its

prior ruling.

Finally, the court summarily disposes of Cannon's suggestion that the indictments do not relate to the same drug conspiracy.  The indictments plainly reference the same drug offense of conspiracy to possess with the intent to distribute cocaine.  The Government further made clear that the indictments were related by restating as much in its Response to John Cannon's Motion for Reconsideration [Dkt. No. 295].  In considering the propriety of consolidation, the court should look to the allegations of the indictment.  *See e.g, United States v. Tarango*, 396 F.3d 666, 672 (5th Cir. 2005).  Cannon has not directed the court to any pleading, report, filing, or other information otherwise indicating that the indictments reference different drug offenses.

For these reasons, the court finds that its prior order consolidating the indictments remains the appropriate course of action in this case.

**Continuance**[3]

Having determined that consolidation is appropriate, the court now considers the parties' requests concerning the continuance of the trial.  The court acknowledges Cannon's objection to the continuance of the trial on the ground that such continuance would violate his rights under the Speedy Trial Act.  However, based on co-defendant Kasondra Cannon's  Response to the Government's Motion to Consolidate Cases [Dkt. No. 294] indicating that she believes that a continuance is appropriate in this matter and her counsel's request for a continuance during the

---

[3]The court also notes that Cannon opposed consolidation on the ground that he may not be represented by the same counsel on both indictments.  Cannon was arraigned on the indictment in criminal action number 6:12-cr-00861-JMC on November 29, 2012, during which the same local counsel who is associated local counsel in criminal action number 6:11-cr-02302-JMC appeared on his behalf.  The court further recognizes that counsel has not been formally appointed to represent Cannon in criminal action number 6:12-cr-00861-JMC.  However, Cannon has not provided, and the court did not find, any authority indicating that the continuity of his representation should be a consideration in the court's assessment of consolidation.  Nevertheless, the court has factored this issue into its consideration of whether a continuance is warranted in this case.

hearing based on the Government's additional statements regarding Kasondra Cannon's alleged culpability, the court will continue the consolidated trial of this case in accordance with its previous order [Dkt. No. 283].  As noted in the prior order, a continuance is further appropriate to meet the "ends of justice," *see* 18 U.S.C. § 3161(h)(7), in protecting and ensuring that Defendants have adequate time to prepare for the defense of the recently added firearms charges.  Additionally, the court understands that the court's prior order continuing the trial has possibly impacted the Government's ability to conduct the trial in the manner it had previously anticipated.  Therefore, the court also finds that its prior order continuing the trial of the consolidated cases should remain in effect.

## CONCLUSION

Having considered the memoranda filed by the parties and the record currently before the court, the court **DENIES** Defendant John Cannon's Response to Government's Motion to Consolidate and Reconsideration of Court Order Granting Consolidation and Continuing Trial [Dkt No. 290] and **GRANTS** the United States of America's Joint Motion for Enforcement of Order of Continuance [Dkt. No. 296].  The parties will be notified of the soonest available trial and jury selection dates.

     **IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

November 30, 2012
Greenville, South Carolina