**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| United States of America, ) | |
| ) | Criminal Action No. 6:11-cr-02302-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| John Cannon and Kasondra Cannon ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court on the United States of America's ("the Government") Motion in Limine [Dkt. No. 277] requesting that the court exclude any reference at trial to possible penalties and/or sentences Defendants John Cannon and Kasondra Cannon ("the Cannons") face upon their conviction. The Government also seeks to exclude any references to penalties and/or sentences already imposed on or faced by cooperating witnesses. For the reasons discussed below, the court grants the Government's motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

Co-defendants John Cannon and Kasondra Cannon were jointly indicted in the present action on November 15, 2011, by a Federal Grand Jury on one count of conspiracy to possess with the intent to distribute in excess of five (5) kilograms of cocaine and one count of participating in a conspiracy to launder the proceeds of drug sales. The Cannons were arrested on November 29, 2011. Thereafter, on November 13, 2012, the Government brought an additional indictment against the Cannons alleging conspiracy to possess firearms in furtherance of a drug trafficking crime and actually possessing firearms in furtherance of a drug trafficking crime.

1

The Government contends that John Cannon is subject to mandatory life imprisonment if he is convicted on the first count of the 2011 indictment charging him with conspiracy to possess with the intent to distribute cocaine and that Kasondra Cannon is subject to a minimum sentence of ten (10) years and a maximum sentence of life imprisonment if convicted on that same count. The Government intends to call a number of witnesses who have pleaded guilty to drug conspiracy counts in another case, all but one of whom have already been sentenced within sentencing ranges similar to those applicable in the Cannons' case. The Government seeks to exclude any reference to the Cannons' potential sentences on the grounds that a sympathetic jury could potentially hesitate to find the Cannons guilty if they viewed those potential sentences as extreme. The Government also seeks to exclude references to the sentences already imposed on or potentially facing cooperating witnesses because such information would allow a jury to infer the Cannons' potential sentences.

## DISCUSSION

The Confrontation Clause of the Sixth Amendment to the Constitution provides that a person accused in a criminal prosecution is guaranteed the right to confront witnesses against him. U.S. Const. amend. XI. However, the Supreme Court has recognized that "trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). The United States Court of Appeals for the Fourth Circuit has recognized one such reasonable limit to cross-examination in *United States v. Cropp*, 127 F.3d 354, 358 (4th Cir. 1997), in which the court found that a trial court did not abuse its discretion in preventing defense counsel from questioning the defendant's

co-conspirators in a drug distribution scheme about the specific penalties they hoped or expected to receive in exchange for cooperating with the Government.  Instead, the court allowed defense counsel to inquire as to whether the co-conspirators signed plea agreements, whether they anticipated a "severe penalty" prior to cooperation, and whether they expected to receive a lesser sentence for cooperating.  *Id*.  On appeal, the Fourth Circuit affirmed the district court's decision to limit references to the specific sentences witnesses believed or hoped they would receive in exchange for their cooperation.  *Id.*  The court agreed with "the district court's concern that the jury might 'nullify' its verdict if it knew the extreme penalties faced by the appellants."  *Id*.  The court reasoned that "whatever slight additional margin of probative information gained by quantitative questions" about the length of potential sentences hoped for had to be weighed against "certain prejudice that would result from a sympathetic jury when it learns that its verdict of guilty will result in sentences of ten and twenty years in prison."  *Id.* at 359.

The Fourth Circuit has consistently found, in accordance with *Cropp*, that a court does not abuse its discretion in limiting cross-examination of witnesses about the perceived or actual sentences they would have faced had they not cooperated.  *See United States v. Johnson*, 363 F. App'x 247, 249 (4th Cir. 2010) (per curiam) (unpublished) (district court permissibly restricted questioning of cooperating witness as to the actual sentence an additional gun charge would have carried); *United States v. Shelton*, 200 F. App'x 219, 220-21 (4th Cir. 2006) (per curiam) (unpublished) ("Restricting counsel from delving into the particular details of the potential sentences each witness could have, but did not necessarily face" was an appropriate use of the court's discretion.); *United States v. Givens*, 200 F. App'x 213 (4th Cir. 2006) (per curiam) (unpublished) (finding no abuse of discretion in limiting cross-examination of two witnesses about the length of the sentences they received); *cf. United States v. Brown*, 201 F.3d 437 (4th

Cir. 1999) (per curiam) (unpublished) (finding harmless any error the district court may have committed when it prevented defense counsel from asking the government's witnesses how they thought their plea agreements would impact the mandatory sentences they faced).

The Government contends that the relevant facts in this case are similar to the facts in *Cropp*, and the Cannons, like the defendants in *Cropp*, face lengthy sentences. As a result, the Government argues that this court should similarly exclude questions about the specific sentences of cooperating witnesses, whether previously sentenced or still awaiting sentencing, to avoid the potential for prejudice that would result from the jury inferring the Cannons' potential sentences. The Cannons argue that the court should allow them to ask cooperating witnesses potential sentencing ranges articulated by the court at their sentencing hearing and the actual sentence they received. Such testimony would allow the Cannons to challenge the cooperating witnesses' credibility by demonstrating a potential bias in favor of the Government as a result of the reduced sentences they received.

*Cropp* addresses the issue of whether preventing a defendant's inquiry into a cooperating witness's actual sentence also prevents the defendant from exploring that witness's potential bias. The *Cropp* court cited with approval *United States v. Luciano-Mosquera*, 63 F.3d 1142, 1153 (1st Cir. 1995) in which the First Circuit Court of Appeals found the trial court did not abuse its discretion when it limited defense counsel's inquiry into the actual sentence faced by a co-conspirator convicted on the same firearms charge as the defendant. The court found the inquiry was "an impermissible attempt to inform the jury about the defendant's possible punishment." *Id.* The court further found that defense counsel had sufficient opportunity to expose the witness's potential bias without introducing the actual number of years he would have faced on the firearms charge, which the court believed would have certainly prejudiced the

4

defendant.  *Id.*  The *Cropp* court "embrace[d] this reasoning," noting that the appellants could not demonstrate why "questions about exact sentences feared and sentences hoped for were *necessary* when the jury was already well aware that the witnesses were cooperators facing severe penalties if they did not provide the government with incriminating information."  *Cropp*, 127 F.3d at 359 (emphasis in original).

In this case, there is a danger that testimony from cooperating witnesses about the specific sentence they face or have already received could provide the jury enough information to infer the Cannons' potential sentences.  Additionally, the court finds that defense counsel has numerous avenues available to probe the cooperating witnesses' potential motivations, biases, and interests without revealing their specific sentences or sentencing ranges.

In their response to the Government's motion [Dkt. No. 285], the Cannons note that the Circuit Courts of Appeals for the Third, Fifth, and Ninth Circuits have held that a defendant's Sixth Amendment right to confront witnesses against them outweighs the risk of undue prejudice that could come from inquiries into potential minimum and maximum sentencing ranges.  *See United States v. Dimora*, 843 F. Supp. 2d 799, 843 (N.D. Ohio) (citing cases which follow this approach).  The Cannons concede that the Fourth Circuit's position reflects the majority rule, followed in the First, Second, Seventh and Eighth Circuits, that a defendant's Sixth Amendment rights are not violated when a court limits a defendant's cross-examination as to the specific sentences that witnesses hoped they would receive or avoid for their cooperation.  *See id.* at 843-44.  The Cannons attempt to demonstrate that the minority view is gaining ground by citing to *State v. Gracely*, 399 S.C. 363, 374-75, 731 S.E.2d 880, 886 (2012), a recent South Carolina Supreme Court decision in which the court held: "[t]he fact that a cooperating witness avoided a *mandatory minimum* sentence is critical information that a defendant must be allowed to present

to the jury." (emphasis in original). Because the instant case is brought pursuant to violations of federal law, federal precedent applies. The South Carolina Supreme Court's decision in *Gracely* is interesting but not controlling in this matter. Additionally, the court is not persuaded to ignore Fourth Circuit precedent on Defendant's argument that the circuit split mentioned above evidences a new emerging consensus regarding the extent to which a cooperating witness can be questioned about the sentence he received and the sentence he avoided in exchange for his cooperation. Given clear Fourth Circuit precedent in *Cropp*, which appears to reflect the majority view, and given the fact that the relevant facts of *Cropp* are similar to the facts in this case, the court is not persuaded by the Cannons' argument.

## CONCLUSION

Having considered the memoranda filed by the parties and the record currently before the court, for the reasons stated above, the court **GRANTS** the Government's Motion in Limine [Dkt. No. 277]. References to specific sentences or specific sentencing ranges potentially faced by the Cannons or the Government's cooperating witnesses will be excluded. Additionally, references to specific sentences already imposed upon cooperating witnesses will be excluded.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

December 17, 2012
Greenville, South Carolina

6